IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-29-D

CATAWBA RIVERKEEPER FOUNDATION,  )
and CLEAN AIR CAROLINA,           )
                                  )
                    Plaintiffs,   )
                                  )
        v.                        )          **ORDER**
                                  )
NORTH CAROLINA DEPARTMENT OF      )
TRANSPORTATION, et al.,           )
                                  )
                    Defendants.   )

On March 13, 2015, the court granted plaintiffs' motion for summary judgment, denied defendants' motions for summary judgment, and vacated the Record of Decision concerning the Garden Parkway [D.E. 71]. On April 10, 2015, state defendants and federal defendants each moved for reconsideration pursuant to Rule 59(e). See [D.E. 73–74]; Fed. R. Civ. P. 59(e). On April 10, 2015, federal defendants also moved to supplement the administrative record with two declarations [D.E. 75]. On May 1, 2015, plaintiffs responded in opposition to all three motions [D.E. 77–78]. On May 15, 2015, state defendants replied [D.E. 81]. On June 5, 2015, federal defendants replied [D.E. 83].

As for the motion to supplement, the APA generally limits courts to reviewing the administrative record that existed at the time the agency made its decision. See 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party . . . ."); Fl. Power & Light Co. v. Lorion, 470 U.S. 729, 743–44 (1985); Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc., 435 U.S. 519, 555 (1978); Dow AgroSciences LLC v. Nat'l Marine Fisheries Serv., 707 F.3d 462, 467 (4th Cir. 2013). In limited circumstances, however, the court may permit

an agency to supplement the administrative record. See, e.g., Ohio Valley Environmental Coalition v. Aracoma Coal Co., 556 F.3d 177, 201 (4th Cir. 2009); Nat'l Audubon Soc'y v. U.S. Forest Serv., 46 F.3d 1437, 1447 n.9 (9th Cir. 1993).

Under Rule 59(e), a district court may consider additional evidence at its own discretion. See Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). The court has reviewed the declarations and declines to supplement the administrative record with them. Thus, the court denies federal defendants' motion to supplement [D.E. 75].

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand, 478 F.3d at 637 (4th Cir. 2007) (quotations omitted); see Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (internal quotation and citation omitted).

The court has reviewed the record and the parties' briefs, and considered defendants' motions for reconsideration under the governing standard. The court's earlier conclusion—that defendants violated NEPA by using socioeconomic data that assumed the construction of the Garden Parkway

2

Case 5:15-cv-00029-D   Document 90   Filed 09/10/15   Page 2 of 3

and using a gravity model to simply reallocate that assumed growth—was not clearly erroneous or manifestly unjust. See Order [D.E. 71] 14. Accordingly, the court denies defendants' motions for reconsideration.

In sum, the court denies defendants' motions for reconsideration and to supplement the administrative record [D.E. 73–75].

SO ORDERED. This 10 day of September 2015.

*James Dever*
JAMES C. DEVER III
Chief United States District Judge